**Martin Torres BARRERA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 04–72255, 05–74701.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 [*].

Filed Aug. 22, 2007.

Steven R. Espinoza, Elizabeth Torres, Foss and Torres, Los Angeles, CA, for Petitioner.

Martin Torres Barrera, Perris, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Offi-

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

cer, Office of the District Counsel, San Francisco, CA, OIL, Ada E. Bosque, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM [**]

Martin Torres Barrera, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying two motions to reopen based on ineffective assistance of counsel during cancellation of removal proceedings. We review due process claims based on ineffective assistance of counsel *de novo*, and review the denial of motions to reopen for abuse of discretion. *See Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). We deny the petitions for review.

In petition No. 04–72255, we agree with the BIA's conclusion that the performance by prior counsel did not result in prejudice to Torres Barrera, and thus his claim of ineffective assistance of counsel fails. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir.2003) (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate prejudice).

In petition No. 05–74701, the BIA did not abuse its discretion by refusing to toll the deadline for filing a motion to reopen where Torres Barrera failed to demonstrate that he exercised diligence in filing the motion after meeting with new counsel and discovering his prior attorney's alleged

ineffective assistance. *See* 8 C.F.R. § 1003.2(c)(2); *Iturribarria v. INS*, 321 F.3d 889, 899 (9th Cir.2003) (where equitable tolling applies, limitations period begins when the alien meets with new counsel and learns of fraud).

We lack jurisdiction to review the BIA's underlying order dismissing Torres Barrera's direct appeal from the IJ's decision because this petition for review is not timely as to that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

Because Petitioner Yolanda Cervantes Torres failed to submit an opening brief to this court, this disposition speaks only to Petitioner Martin Torres Barrera's claims.

**PETITIONS FOR REVIEW DENIED.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

